UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRIREME ENERGY HOLDINGS, INC.; and TRIREME ENERGY DEVELOPMENT, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> RWE RENEWABLES AMERICAS, LLC; and RWE RENEWABLES SERVICES, LLC, <br><br> *Defendants*. | Civil Action No. _____ <br><br><br> **COMPLAINT** |

Plaintiffs Trireme Energy Holdings, Inc. and Trireme Energy Development, LLC (collectively, "Trireme" or "Plaintiffs") complain and allege as follows against Defendants RWE Renewables Americas, LLC and RWE Renewables Services, LLC.

## NATURE OF THE ACTION

1. Trireme owned a renewable-energy company called EverPower. In 2017, Trireme sold EverPower's pipeline of projects to a company called Innogy Renewables US ("IRUS") for $50 million *plus* additional earn-out (or "milestone") payments of up to $112 million. If and when a project achieved certain targets defined in the parties' agreement (the "Merger Agreement"), IRUS would owe Trireme the milestone payment amount for that project.

2. Section 7.6(c) of the Merger Agreement expressly and unambiguously prohibited IRUS from transferring or otherwise disposing of any of the EverPower projects prior to December 31, 2020, unless IRUS either (i) obtained Trireme's consent or (ii) paid the milestone amount associated with the project.

3. IRUS was a subsidiary of Innogy SE, a German utility. In a series of asset-swap transactions that were completed on July 1, 2020, two German utilities called E.ON and RWE

carved up and acquired all of Innogy SE's assets.

4. As part of the E.ON-RWE asset swap, RWE acquired Innogy SE's legacy renewable-energy assets, including Innogy Renewables US and its subsidiaries.

5. On information and belief, E.ON first acquired all of Innogy SE's assets and then transferred certain of those assets, including Innogy Renewables US and its subsidiaries, to RWE as partial consideration for the overall asset-swap transaction.

6. In connection with the consummation of the E.ON-RWE asset swap, Innogy Renewables US assigned, transferred, or otherwise disposed of the LLC membership interests in 16 of the project-development companies acquired from Trireme *without* receiving Trireme's consent.

7. At the time, Trireme did not know that these transfers had occurred because IRUS actively concealed the transfers from Trireme and falsely represented that no such transfers or dispositions had or would occur.

8. RWE's breaches of contract caused Trireme $112,200,000 in damage.

**THE PARTIES**

9. Plaintiff Trireme Energy Holdings, Inc. is a corporation organized under the laws of Delaware. It has its principal place of business in Pittsburgh, Pennsylvania.

10. Plaintiff Trireme Energy Development, LLC is a limited liability company whose members are Trireme Energy Holdings, Inc., and James Spencer. Trireme Energy Holdings, Inc. is a citizen of Delaware and Pennsylvania. James Spencer is a citizen of Pennsylvania.

11. Innogy Renewables US LLC was a limited liability company organized under the laws of Delaware. On December 31, 2020, Innogy Renewables US LLC was merged into RWE Renewables Services, LLC.

12. Because IRUS merged into RWE Renewables Services, LLC on December 31,

2020, RWE Renewables Services LLC inherited IRUS's duties, obligations, and liabilities under the Merger Agreement, and RWE Renewables Services LLC stands in IRUS's shoes for purposes of the contract claim asserted in this action.

13. Defendant RWE Renewables Services, LLC is a limited liability company organized under the laws of Delaware whose sole member is defendant RWE Renewables Americas, LLC.

14. Defendant RWE Renewables Americas, LLC is a limited liability company organized under the laws of Delaware. On information and belief, RWE Renewables Americas, LLC is owned by a chain of LLCs whose sole member is RWE Renewables International Participations BV.

15. Upon information and belief, RWE Renewables International Participations BV is a citizen of the Netherlands.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a)(2) because this is an action between the citizens of a State and citizens of a foreign state, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), as under the forum selection clause contained in the parties' agreement, the Southern District of New York has been designated the venue for any and all actions, suits, or other proceedings arising from disputes in connection with that contract.

## FACTUAL ALLEGATIONS

**Trireme's Pre-Merger Business**

18. Trireme was founded in 2009 as a holding company for EverPower.

19. Through EverPower, Trireme developed, owned, and operated large-scale wind

farms throughout the United States.

20. Trireme operated each of its renewable-energy projects and facilities through a different special-purpose entity.

21. In 2017, Trireme sold all of its then-remaining business assets, including its operating entities.

22. Blackrock acquired Trireme's portfolio of seven already-operational facilities through a transaction with an enterprise value of about $650 million.

**The Merger Agreement**

23. As to projects still in development, Trireme entered into a merger agreement with IRUS on December 21, 2017 (the "Merger Agreement"). The Merger Agreement was signed by James Spencer on behalf of Trireme and by Frank Falkenhof and Andrew Young on behalf of IRUS.

24. Trireme Energy Development II, LLC held all of the special-purpose entities associated with Trireme's portfolio of development projects. Under the Merger Agreement, Trireme sold Trireme Energy Development II, LLC (including all of its subsidiaries and assets) to IRUS through a corporate merger. In that way, IRUS acquired all of Trireme's renewable-energy projects that were still under development.

25. At the time of the merger, IRUS was a wholly owed subsidiary of German utility Innogy SE.

26. Section 3.1 of the Merger Agreement provides that IRUS would pay Trireme a $50 million initial payment (adjusted for certain expenses) *plus* certain additional payments "in an aggregate amount of up to $112.2 million, if any" (defined in the agreement as "Payment Milestone Amounts"). The merger transaction thus contemplated potential consideration of up to $162

million for all of Trireme's development projects.

27. Through a series of provisions, the Merger Agreement defines certain "Payment Milestones" associated with the various renewable-energy projects (or "Target Projects") sold to Innogy through the merger. Each Target Project has a corresponding "Payment Milestone Amount," which is listed in the agreement.

28. Section 7.6(c) of the Merger Agreement provides that IRUS, as "Purchaser"

> shall not assign, transfer or otherwise dispose of any of the assets, rights and other properties of a Target Project or the equity interests of a Development Company prior to December 31, 2020 without the consent of the Member Representative, unless prior to or contemporaneously with such sale, assignment, transfer or other disposition Purchaser pays the Payment Milestone Amount that would have been payable with respect to such Target Project if the Target Project had achieved the Payment Milestone as of the date of such sale, assignment, transfer or other disposition.

29. After closing on its acquisition of the EverPower development projects pursuant to the Merger Agreement until the spring of 2020, IRUS, through its wholly owned subsidiaries, owned 100% of the equity interests in the Development Companies it purchased from Trireme.

30. As it concerned wind development projects, IRUS owned 100% of IRUS Wind Holdings LLC, which in turn owned 100% of IRUS Wind Development LLC, which in turn owned 100% of the relevant Development Companies.

31. As it concerned solar development projects, IRUS owned 100% of IRUS Solar Holdings LLC, which in turn owned 100% of IRUS Solar Development LLC, which in turn owned 100% of the relevant Development Companies.

32.     A simplified organizational chart showing the ownership interests of the relevant Development Companies following IRUS's acquisition of those companies appears below:



**IRUS Transfers the Development Companies Without Trireme's Consent**

33.     In March 2018, German utilities E.ON SE and RWE AG agreed to enter into a series of transactions to reorganize the German utilities industry. The agreed-on transactions included the carve up and acquisition of Innogy SE's various business units by E.ON and RWE. RWE acquired IRUS in connection with that series of transactions.

34.     After RWE acquired IRUS, IRUS transferred and disposed of all of its interests in the Development Companies in violation of Section 7.6(c) of the Merger Agreement, and ceased all operations.

35.     First, on or around May 29, 2020, IRUS effected the assignment, conveyance, and transfer of all the right, title, and interest in the membership interests of Cassadaga Wind LLC, a Development Company, from IRUS Wind Development LLC to a new subsidiary, Cassadaga Wind Holdings LLC.  This was a direct assignment of the equity interest in a Development Company.

36. Thereafter on or around July 1, 2020, IRUS transferred and disposed of all of its interests in the Development Companies and transferred those interests to other RWE subsidiaries, as follows:

    a. IRUS effected the assignment, conveyance, and transfer of all of the right, title, and interest in the membership interests of IRUS Wind Operations LLC from IRUS Wind Holdings LLC to RWE Investco Mgmt, LLC. Through this transaction, IRUS divested all of its equity interest in the Development Company Cassadaga Wind LLC.

    b. IRUS effected the assignment, conveyance, and transfer of all of the right, title, and interest in the membership interests of IRUS Wind Development LLC from IRUS Wind Holdings LLC to RWE Renewables Development, LLC. Through this transaction, IRUS divested all of its equity interest in the Development Companies Baron Winds LLC; Baron Winds II LLC (formerly known as Kimberly Run LLC); Blueberry Hills LLC; Buckeye Wind LLC; Champaign Wind LLC; EverPower Maine LLC; EverPower Ohio LLC; EverPower Wind Development, LLC; Highland III LLC; Lampasas Wind LLC; Mahanoy Mountain, LLC; Mason Dixon Wind, LLC; Pe Ell North LLC; and Terrapin Hills LLC.

    c. IRUS effected the assignment, conveyance, and transfer of all of the right, title, and interest in the membership interests of IRUS Solar Development LLC from IRUS Solar Holdings LLC to RWE Solar Development LLC. Through this transaction, IRUS divested all of its equity interest in the Development Company EverPower Solar LLC.

37. Following these transfers, IRUS had no further direct or indirect ownership interest in any of the Development Companies. It disposed of them entirely.

38. As of July 1, 2020, IRUS owned 100% of the equity interests in IRUS Wind Holdings LLC and IRUS Solar Holdings LLC, *which had no subsidiaries of their own*, as depicted in the chart below:



39. Based on Innogy's representations about the transaction, Trireme reasonably believed that the E.ON-RWE asset swap would not involve a transfer or disposition of the Development Companies by IRUS and would not trigger IRUS's obligations under Section 7.6(c) of the Merger Agreement.

40. Prior to transferring and disposing of its equity interests in the Development Companies listed in paragraphs 45-47, IRUS did not ask for or obtain the consent of plaintiff Trireme Energy Holdings, Inc., as "Member Representative," as required by Section 7.6(c) of the Merger Agreement.

41. Prior to transferring and disposing of its equity interests in the Development Companies listed in paragraphs 45-47, IRUS did not pay Trireme the Milestone Payments associated with the projects held by those Development Companies, as required by Section 7.6(c) of the Merger Agreement.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

42. Trireme incorporates, restates, and re-alleges the preceding paragraphs as if fully set forth herein.

43. The Merger Agreement is a valid and binding contract between Trireme and IRUS.

44. Trireme has performed all of its obligations under the Merger Agreement.

45. IRUS breached Section 7.6(c) of the Merger Agreement when it effected the assignment, conveyance, and transfer of all the right, title, and interest in the membership interests of IRUS Wind Operations LLC from IRUS Wind Holdings LLC to RWE Investco Mgmt, LLC, thereby fully transferring or otherwise disposing of all of its equity interest in the Development Company Cassadaga Wind LLC, without obtaining Trireme's consent and without first paying Trireme the Milestone Payment associated with the Cassadaga Project.

46.     IRUS further breached the Merger Agreement when it effected the assignment, conveyance, and transfer of all the right, title, and interest in the membership interests of IRUS Solar Development LLC from IRUS Solar Holdings LLC to RWE Solar Development LLC, thereby fully transferring all of its equity interest in the Development Company EverPower Solar LLC, without obtaining Trireme's consent and without first paying Trireme the Milestone Payment associated with the projects held by IRUS Solar Development LLC.

47.     IRUS further breached the Merger Agreement when it effected the assignment, conveyance, and transfer of all the right, title, and interest in the membership interests of IRUS Wind Development LLC from IRUS Wind Holdings LLC to RWE Renewables Development LLC, thereby fully transferring all of its equity interest in the Development Companies Baron Winds LLC; Baron Winds II LLC (formerly known as Kimberly Run LLC); Blueberry Hills LLC; Bowler Flats Energy Hub LLC; Buckeye Wind LLC; Champaign Wind LLC; EverPower Maine LLC; EverPower Ohio LLC; EverPower Wind Development, LLC; Highland III LLC; Horse Thief Wind Project LLC; Lampasas Wind LLC; Mahanoy Mountain, LLC; Mason Dixon Wind, LLC; Mud Springs Wind Project LLC; Pe Ell North LLC; Pryor Caves Wind Project LLC; Sunrise Wind Holdings, LLC; and Terrapin Hills LLC, without obtaining Trireme's consent and without first paying Trireme the Milestone Payments associated with the projects held by those Development Companies.

48.     IRUS's breaches of contract have caused economic damage to Trireme in an amount to be determined at trial, but no less than $112,200,000.

49.     IRUS merged into RWE Renewables Services on December 31, 2020, and RWE Renewables Services inherited IRUS's duties, obligations, and liabilities under the Merger Agreement.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against defendants RWE Renewables Americas, LLC and RWE Renewables Services, LLC as follows:

(1) finding that defendants breached the Merger Agreement as alleged in Trireme's first cause of action, and ordering defendants to pay damages in an amount to be determined at trial, but no less than $112,200,000; and

(2) granting any other relief that the Court deems just and proper.

Dated: August 31, 2022

        JFB LEGAL, PLLC

        By /s/ John F. Baughman

           John F. Baughman
           George W. Kroup
           Nathaniel E. Marmon
           299 Broadway – Suite 1816
           New York, NY 10007
           (212) 548-3212

        *Attorneys for Plaintiffs Trireme Energy Holdings, Inc. and Trireme Energy Development, LLC*