

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

o: 212.999.5800
f: 212.999.5899

December 1, 2022

**VIA CM/ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   ***Trireme Energy Holdings, Inc. et al. v. Innogy Renewables US LLC et al.*,**
> **No. 1:20-cv-05015-JLR-BCM [rel. 1:22-cv-07439-JLR]:**
> **Request for Leave to Move for Summary Judgment**

Dear Judge Rochon:

　　We write on behalf of the Defendants in the above-captioned matter, pursuant to this Court's Individual Rule 3.I., to request leave to make a motion for summary judgment as to both substantive claims pending in this action.[1]  While we are cognizant of the Court's discouragement of summary judgment motions in non-jury cases, for the reasons set forth below, the record in this case is straightforward, largely undisputed and overwhelmingly demonstrates Defendants' entitlement to judgment as a matter of law.  In fact, Judge Caproni (who maintains a similar rule to Your Honor) previously found that summary judgment motion practice is appropriate in this case.  *See* Ex. A at 53:18-21 ("I am going to set a motion for summary judgment . . . I think it is conceivable that this case can be resolved on summary judgment.").

**Background**: This case concerns the development and construction of a wind farm in upstate New York - the "Cassadaga Project."  Plaintiffs sold the Cassadaga Project (along with several other wind farms) to Defendant Innogy Renewables US LLC ("IRUS") in late 2017, and IRUS took control of the Project in mid-2018.  Beyond the initial payment that IRUS made for Cassadaga, and pursuant to the agreement of sale (the "Merger Agreement"), Plaintiffs would be entitled to an *additional* payment of $69.7 million (the "Milestone Payment") *if* either of two conditions ("Milestones") was met.

　　First, if IRUS had obtained certain permits necessary to begin construction of Cassadaga on or before October 1, 2019, the Milestone Payment would be due (the "2019 Milestone").  Second, and alternatively, if Cassadaga became commercially operational (*i.e.*, if construction on Cassadaga was complete) by December 31, 2020, that would also trigger the Milestone Payment (the "2020 Milestone").  It is undisputed that IRUS did not meet either Milestone.  However, both Milestones are

---

[1] We recognize that, in the ordinary course, this Rule requires parties to make this request in the form of a letter-motion to convert the pre-trial conference into a pre-motion conference, and to do so no more than 14 days after the close of fact discovery.  However, as this action was transferred to this Court well after the close of fact discovery (and as Judge Caproni advised the parties to hold off on summary judgment until after *Daubert* motions) we respectfully submit that this letter is timely and that a determination on our request to move for summary judgment should be made in advance of the next appearance before the Court, now scheduled for February 22, 2023.  ECF No. 184.

Hon. Jennifer L. Rochon
December 1, 2022
Page 2

expressly conditional.  Nothing in the Merger Agreement *requires* IRUS to meet – or even to try to meet – either Milestone.  The *only* relevant requirement that the Merger Agreement imposes is that IRUS use "commercially reasonable efforts" to "continue to develop" the Cassadaga Project in accordance with standards separately defined in an Annex to the agreement, but that requirement is detached from any obligation to seek to meet a particular Milestone.

Plaintiffs have two remaining claims (others were dismissed by Judge Caproni).  First, they allege that IRUS breached the Merger Agreement by not exercising commercially reasonable efforts to develop Cassadaga and that, had IRUS exercised commercially reasonable efforts, IRUS *would have* achieved the 2019 Milestone (although there is no requirement for IRUS to achieve that Milestone or to exercise any particular level of effort to do so) (the "Reasonable Efforts Claim").  Second, they allege that IRUS breached the implied covenant of good faith and fair dealing by failing to complete construction of Cassadaga in 2020, *in bad faith*, for the purpose of depriving the Plaintiffs of the benefits of the contract (the "Bad Faith Claim").[2]  Yet, after extensive fact discovery, Plaintiffs have failed to adduce *any* competent evidence sufficient to prove either claim.[3]

**Reasonable Efforts Claim:** "The standard for satisfying commercial reasonability under New York law is a fairly lenient one," demanding only "some conscious exertion to accomplish the agreed goal[.]" *Shane Campbell Gallery, Inc. v. Frieze Events, Inc.*, 441 F. Supp. 3d 1, 4 (S.D.N.Y. 2020) (quoting *Holland Loader Co. v. FLSmidth A/S*, 313 F. Supp. 3d 447, 473 (S.D.N.Y. 2018), *aff'd*, 769 F. App'x 40 (2d Cir. 2019)).  Importantly, a commercially reasonable efforts clause does *not* require "perfect actions that achieved maximum returns . . . [thus] [a] claim for a material breach of a commercially reasonable efforts provision **cannot** be established simply by observing, in hindsight, that [defendant] **could have** done something differently that would have produced a better result."  *InspiRx, Inc. v. Lupin Atlantis Holdings SA*, 554 F. Supp. 3d 542, 562 (S.D.N.Y. 2021) (granting summary judgment to defendant on a claim for breach of a commercially reasonable efforts clause) (emphasis added; citation omitted).  Based on only undisputed facts, IRUS's summary judgment motion will show that Plaintiffs cannot prevail on the reasonable efforts claim for two reasons.

First, where (as here) "the term 'commercially reasonable efforts' is not defined by the contract, courts in this district **require** the party seeking to enforce the efforts provision [here, the Plaintiffs] to establish the objective standard by which the breaching party's efforts are to be judged, in the context of

---

[2] Plaintiffs also seek a declaratory judgment holding that Defendant Innogy SE (IRUS's former parent) is a guarantor of any judgment against IRUS that may be entered in this action.  Defendants do not dispute this.

[3] In fact, Plaintiffs' failures of proof are so significant that, after the close of fact discovery (and in a significant departure from usual practice), the undersigned informed Plaintiffs of our position that while it was not sanctionable for Plaintiffs to assert these claims in hopes discovery would adduce some evidence to support them, now that discovery is *closed*, it is a plain violation of Federal Rule 11(b) to continue to pursue these claims without evidence.  *See* Ex. B.  Although our letter cited to persuasive authority and to the record, Plaintiffs' response was astoundingly flippant.  It stated only that: "[t]he characterizations of the facts and the law in your letter are wrong.  Trireme's claims are meritorious, and we will continue to prosecute them vigorously."  *See* Ex. C.

Hon. Jennifer L. Rochon
December 1, 2022
Page 3

the particular industry." *Holland Loader Co.*, 313 F. Supp. 3d at 472 (emphasis added). <u>Plaintiffs have not done that</u>, despite submitting opinions from four different experts. That is an independent threshold reason why the claim cannot succeed. *See Sekisui Am. Corp. v. Hart*, 15 F. Supp. 3d 359, 381 (S.D.N.Y. 2014) ("[Plaintiffs] have not proven that [defendant] breached [the reasonable efforts clause] . . . [plaintiffs] presented no evidence establishing the objective standard for 'commercially reasonable efforts[.]'"); *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 950 F. Supp. 2d 568, 617 (S.D.N.Y. 2013) (deciding a reasonable efforts claim against plaintiff where "[plaintiff] did not present evidence to define the parameters of that standard").

Second, there is no record evidence tending to show that IRUS's efforts to develop Cassadaga fell short of the "lenient" bar of "commercially reasonable" efforts. To be sure, Plaintiffs have – with the benefit of hindsight – nitpicked certain of Defendants' choices as less than perfect; but that is not the standard. Simply, our motion will show that there is no proof whatsoever that Defendants failed to exercise "some conscious exertion to accomplish" Cassadaga's development goals.

**The Bad Faith Claim:** Under New York law, the implied covenant of good faith and fair dealing "will be breached only in a narrow range of cases" in which a plaintiff "show[s] ***substantially more*** than evidence that the defendant's actions were negligent or inept." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 817 (2d Cir. 2014). Rather, a party breaches the implied covenant where it acts "malevolently, for its own gain as part of a purposeful scheme designed to deprive [its counterparty] of the benefits of a contract." *Najjar Grp., LLC v. W. 56th Hotel LLC*, 850 F. App'x 69, 72 (2d Cir. 2021). As such, "intentional acts done without the purpose of cheating the plaintiff" cannot support such a claim. *Thompson v. Advanced Armament Corp., LLC*, 614 F. App'x 523, 525 (2d Cir. 2015). And, crucially, "the implied covenant does not extend so far as to undermine a party's general right to act on its own interests in a way that *may incidentally lessen the other party's anticipated fruits from the* contract." *Woodard v. Reliance Worldwide Corp.*, 819 F. App'x 48, 49 (2d Cir. 2020). In sum, an implied covenant claim turns on Defendants' *intent* – it is not about what Defendants did (or didn't do), most of which is wholly undisputed – it is about the *reason why* Defendants acted as they did.

In this case, Plaintiffs have no evidence (literally) to support a conclusion that Defendants did not achieve the 2020 Milestone *for the purpose* of depriving Plaintiffs of a Milestone Payment. This was made perfectly clear at the post-fact-discovery conference in this very case, where Judge Caproni asked Plaintiffs' counsel: "[D]o you have a ***shred of evidence*** out of all the depositions you have taken, all the documents you have seen, that links the desire or links the fact that they would not have to pay $6[9] million if they slowed things down[?]." Plaintiffs' counsel was not able to identify any such evidence. Instead, the evidence demonstrates that Defendants worked diligently to construct the Cassadaga Project (consistent with its corporate objectives and representations to shareholders) but that, ultimately, it was not practicable to complete the project in 2020 for a variety of reasons, including but not limited to the Covid-19 pandemic and its impact on construction in New York. As will be set forth in Defendants' motion, the record does not contain a shred of evidence that could be construed as bad faith.

For the reasons set forth above, we respectfully request leave to make a summary judgment motion.

Hon. Jennifer L. Rochon
December 1, 2022
Page 4

                    Respectfully submitted,

                    WILSON SONSINI GOODRICH & ROSATI
                    Professional Corporation

                    *s/ Susan K. Leader*
                    Susan K. Leader
                    1900 Avenue of the Stars, 28th Floor
                    Los Angeles, California 90067
                    Telephone: (323) 210-2999
                    Facsimile: (866) 974-7329
                    Email: sleader@wsgr.com

                    Eli B. Richlin
                    Paul C. Gross
                    1301 Avenue of the Americas, 40th Floor
                    New York, New York 10019
                    Telephone: (212) 999-5800
                    Facsimile: (212) 999-5899
                    Email: erichlin@wsgr.com
                    Email: pgross@wsgr.com

                    *Counsel for Defendants Innogy Renewables US LLC
                    and Innogy SE*

cc:     All Counsel of Record (via CM/ECF)


The Court denies the motion to file summary judgment motions at present while the *Daubert* motions are pending.  ECF No. 170; *see* ECF No. 168 at 56: 6-9.  The Court will allow the parties to re-raise these arguments after the *Daubert* motions have been decided.

Date: December 9, 2022
      New York, New York

                    SO ORDERED

                    *Jennifer Rochon*

                    JENNIFER L. ROCHON
                    **United States District Judge**