# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel:  +1 212 556 2100
Fax:  +1 212 556 2222
www.kslaw.com

Mark  Kirsch
Partner
Direct Dial:  +1 212 790 5329
Direct Fax:  +1 212 556 2222
mkirsch@kslaw.com

The motion to seal is granted temporarily.  The Court will reassess whether to keep the materials at issue sealed or redacted when deciding the underlying motion for sanctions.  The Clerk of Court is directed to terminate Dkt. 181.

Dated: February 5, 2025
        New York, New York
        February 3, 2025

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

VIA ELECTRONIC FILING

The Honorable Jennifer L. Rochon
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *Trireme Energy Holdings, Inc. v. RWE Renewables Americas, LLC*
       No. 1:22-cv-07439 (JLR)

Dear Judge Rochon:

        Pursuant to Rule 4.B.iii of Your Honor's Individual Practices, I write on behalf of Plaintiffs Trireme Energy Holdings, Inc. and Trireme Energy Development, LLC to respectfully request leave to file under seal Exhibit 3 to the concurrently filed declaration of Mark A. Kirsch and to file in redacted form quotations from that exhibit that appear in Plaintiffs' concurrently filed Opposition to Defendants' Motion for Sanctions Pursuant to Rule 11.  The exhibit is a confidential settlement communication, which courts in this Circuit routinely seal to preserve the confidentiality of parties' private settlement discussions.  The parties have met and conferred, and Defendants have indicated that they do not object to this request.

        Although "[t]he public has a common law presumptive right of access to judicial documents," "[t]here is no established presumption of access" with respect to "settlement documents that were entered into on a confidential basis between the parties." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004).  Rather, the Second Circuit has explained, "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage."  *Id.*; *see id.* at 144 (reversing decision to unseal transcript mentioning "settlement amount"); *United States v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998) (affirming decision to seal draft settlement documents because "access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts").

February 3, 2025
Page 2

It is therefore well established within the Second Circuit that a "district court may seal [settlement] documents in order to foster settlement, and that the district court's power to seal documents 'takes precedence over [disclosure] rules that would otherwise allow those documents to be disclosed.'" *Glen Falls*, 160 F.3d at 858 (quoting *City of Hartford v. Chase*, 942 F.3d 130, 135–36 (2d Cir. 1991)); *accord, e.g.*, *Gambale*, 377 F.3d at 143–44 (holding that refusal to seal amount of settlement "was a serious abuse of discretion" given that it "was confidential, the parties articulated the reasons for such confidentiality" and the amount merely informed the court, but was not relevant to "the adjudication . . . of litigation"); *Pullman v. Alpha Media Pub'g, Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (summary order) (affirming sealing of "settlement conference transcript" and redaction of "settlement amount" because "[t]he court did not rely on that transcript in deciding subsequent motions to enforce the settlement agreement").

Here, sealing of the settlement communication and redaction of quotations from that communication are warranted. Plaintiffs reference that settlement communication for the sole purpose of providing the Court with context for Defendants' Motion for Rule 11 Sanctions. Because that communication will "not [be] the basis of any decision or action by the Court," it is not a "'judicial document'" to which any presumption of access might attach. *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 n.2 (S.D.N.Y. 2009) (citation omitted); *see also, e.g.*, *Glen Falls*, 160 F.3d at 857 (explaining the public does not need access "to settlement discussions and documents" because "[t]he judge cannot act upon these discussions or documents until they are final").

Even if there were some presumption of access here, moreover, that presumption would be "markedly weak" because the settlement communication "was confidential" and there are "reasons for such confidentiality." *Gambale*, 377 F.3d at 143; *Glen Falls*, 160 F.3d at 858 (presumption of access to documents pertaining to settlement negotiations is "negligible to nonexistent"); *accord Schoeps*, 603 F. Supp. 2d at 676 n.2 (same). Indeed, unsealing the parties' settlement discussions here might chill future settlement negotiations between the parties and "impair materially the trial court's performance of its Article III function of crafting a settlement of this case." *Glen Falls*, 160 F.3d at 858. The reasons for maintaining confidentiality thus "easily overcome the markedly weak presumption of access here." *Gambale*, 377 F.3d at 144.

Accordingly, we respectfully request that the Court grant Plaintiffs' request to both seal the settlement communication and redact quotations from that communication in their opposition to Defendants' motion for Rule 11 sanctions.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Mark A. Kirsch*
Mark A. Kirsch

*Counsel for Plaintiffs*

CC:    All counsel of record (via CM/ECF)